IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FRANK TURNER LEWIS, III,         )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. CIV-14-240-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

**OPINION AND ORDER**

Plaintiff Frank Turner Lewis, III (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on October 27, 1980 and was 32 years old at the time of the ALJ's decision. Claimant obtained his GED. Claimant has worked in the past as a fan assembler, auto parts sales clerk, delivery driver, retail attendant, jailer, and assembler. Claimant alleges an inability to work beginning March 1, 2010 due to limitations resulting from obesity, nerve damage to his leg arising from an automobile injury, and depression.

## Procedural History

On June 29, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 27, 2012, Administrative Law Judge ("ALJ") Deborah L. Rose conducted an administrative hearing in Tulsa, Oklahoma. On December 21, 2012, the ALJ issued an unfavorable decision. The Appeals Council denied review of the ALJ's decision on April 15, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly consider the medical and other source evidence; (2) failing to perform a proper credibility determination; and (3) improperly failing to reopen a previous application for benefits.

## Consideration of Source Evidence

In his decision, the ALJ found Claimant suffered from the severe impairments of obesity, cellulitis in the leg, mild degenerative changes in the knee, right carpal tunnel syndrome, depression, anxiety, and personality disorder. (Tr. 14). The ALJ determined Claimant retained the RFC to perform sedentary work. In so doing, she found Claimant could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for two hours in an eight hour workday and would need a cane for ambulation; sit for six hours in an eight hour workday. Claimant was unable to use left leg controls. He could only occasionally climb ramps or stairs but never ladders, ropes, or scaffolds. He could occasionally balance but less than occasionally stoop, kneel, crouch, and crawl. Claimant was frequently but not constantly able to handle and finger with the right dominant upper extremity. Claimant was limited to simple, routine, and some complex tasks, such as in semi-skilled work. He was able to work in proximity to others and perform superficial and incidental work-related interaction with co-workers and supervisors but he should have no significant public interaction required for completion of job tasks. (Tr. 17).

After consulting with a vocational expert, the ALJ determined that Claimant could perform the representative jobs of clerical mailer, assembler, and trimmer, all of which the ALJ determined existed in sufficient numbers in both the regional and national

economies. (Tr. 26). As a result, the ALJ determined Claimant was not under a disability from March 1, 2010 through the date of the decision. Id.

Claimant contends the ALJ did not properly evaluate medical source evidence. On November 8, 2012, Dr. Joe Speer, Claimant's treating physician, completed a medical source statement on Claimant's condition. He found Claimant was severely limited in the areas of the ability to work in coordination with or proximity to others without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; ability to get along with co-workers or peers without distracting them or exhibiting behavior extremes; and the ability to set realistic goals or make plans independently of others. (Tr. 734-35).

Dr. Speer also found Claimant to be markedly limited in the area of the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Tr. 734). He determined Claimant was moderately limited in three additional functional areas. (Tr. 735).

6

On November 8, 2012, Jonell James, Claimant's counselor, completed a mental status form on Claimant. James noted that Claimant was sporadic in his attendance. He appeared to have difficulty with balance and the ability to walk at a steady pace using a cane. He had a suspicious view of others and can be argumentative. Claimant appeared to James to be bright. (Tr. 736). Claimant's social functioning was limited to the people he meets on the Internet. Social media was the way he stayed connected to family and friends. He had a limited support system with no evidence of consistent participation with his community. He fishes, reads and surfs the Internet. James opined that Claimant would need regular and frequent counseling. His low energy, historical issues, and unhappiness complicated his treatment. James stated "[t]here is no evidence to support that he cannot carry out (simple)(complex) instructions. Work pressure (stress) will increase symptoms of depression." (Tr. 737).

Initially, the ALJ declined to give these opinions "controlling weight" because they were not consistent with the other medical and non-medical findings. (Tr. 24). The ALJ declined to give a "severe" limitations in social functioning because of Claimant's computer interactions. James' treatment notes demonstrate relationships with several women. The ALJ also found Dr. Speer's mental status examination "showed primarily normal results" which

7

did not support the level of limitation he found in his source statement. The ALJ ultimately gave these opinions "some weight" insofar as they supported Claimant's ability to carry out simple and complex instructions. She also found some limitation in social interaction as reflected in her RFC. Id.

The ALJ centered her discussions of these opinions upon social interaction limitations. She did not discuss the remainder of the limits to the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods or the ability to set realistic goals or make plans independently of others - neither of which are social interaction limitations but pertain to "sustained concentration and persistence" in the source statement. (Tr. 734).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, she is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ afforded some weight to Dr.

8

Speers' opinion but did not explain why she rejected the restrictions related to concentration and persistence. While this Court finds no error in the ALJ's analysis of the weight given to the opinions, she must also discuss the referenced opinion evidence of functional limitations on remand.

Claimant also contends he submitted a letter from Dr. Jim Harjo dated November 20, 2012 which stated Claimant should not engage in prolonged standing and walking and should frequently elevate his legs throughout the day to alleviate pain and fatigue. The letter also states he and Dr. Michelle Wells should be contacted with any questions. (Tr. 738). The ALJ found that Dr. Harjo's opinion was not entitled to controlling weight since he did not have a record of treatment to support such a limitation. (Tr. 22). This Court finds no error in giving this opinion less than controlling weight and imposes no duty upon the ALJ to contact this physician since he deferred to Dr. Wells.

The ALJ recognized that Dr. Wells, who is one of Claimant's treating physicians, also recommended elevation of the leg. (Tr. 563). However, the ALJ discounted this requirement as being made in follow up after Claimant developed cellulitis of the left leg. (Tr. 22). Nothing in the record removed this recommendation. The ALJ shall explain the basis for failing to accommodate this requirement in her RFC.

9

Claimant also contends the ALJ gave the greatest weight to the opinion of Dr. Laura Lochner, a non-examining consultative professional. (Tr. 24). On September 1, 2010, Dr. Lochner found Claimant to have moderate limitations in activities of daily living yet the ALJ, without adequate explanation, found Claimant had mild limitations in these activities. (Tr. 15-16, 381). The ALJ should explain the basis for this discrepancy.

**Credibility Determination**

Claimant objects to the ALJ's use of non-compliance and poor motivation as bases for degrading his credibility since these symptoms are a part of his mental impairment of depression. On remand, the ALJ shall determine whether Claimant's condition contributed to his failure to make appointments and poor motivation.

**Additional Evidence**

Claimant also contends that 13 pages of medical records were not included in the record due to printer problems at the medical facility. While this Court agrees with Defendant that it was Claimant's counsel's responsibility to inform the ALJ that additional records were available and needed to be included in the record, the ALJ shall make every effort to obtain these records for inclusion and consideration in the record.

**Conclusion**

The decision of the Commissioner is not supported by

substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE