**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FRANK TURNER LEWIS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-240-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22) and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #27). By Order and Opinion entered September 30, 2015, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 54.50 hours of time expended by his attorney at the stipulated fee rate for a total request of $10,305.40 under the authority of the Equal Access to Justice Act ("EAJA"). However, Claimant's attorney voluntarily reduced his billing by 30% to a requested total of $7,213.78. Because Claimant filed a reply to the first Motion, he filed a supplemental fee motion seeking an additional $1,842.40 for 9.80

hours expended in preparing the reply. The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified. The Commissioner also challenges the reasonableness of the fee requested in the supplemental motion.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that (1) the rejection of Dr. Joe Speer's opinion was reasonable; (2) a reasonable person could have concluded that the ALJ's failure

to include limitations from Dr. Wells' opinion was supported by the close time between Claimant's surgery and his cellulitis and only represented a short term condition; (3) the failure to include mental limitations contained in Dr. Lochner's psychiatric review technique form was supported and represented harmless error insofar as the consideration of the paragraph B criteria; and (4) the ALJ's credibility analysis was reasonable in law and fact. In essence, Defendant merely reargues the issues in the appeal except now concluding that its positions were reasonable. Addressing only the social limitations found by Dr. Speers while ignoring the limitations in concentration and persistence was not reasonable. The ALJ's gleaning that the limitation requiring the elevation of Claimant's leg was related to a follow up condition represents supposition without support in the record. Dr. Lochner's moderate limitations in activities of daily living were not addressed despite Dr. Lochner's opinion receiving the "greatest weight" consideration by the ALJ. Claimant correctly indicated that Claimant's depression could contribute to his non-compliance and poor motivation which the ALJ relied upon to discount his credibility. As an additional issue for consideration on remand on other issues, this Court directed consideration of this issue which was omitted from the ALJ's consideration. While this latter issue may have been substantially justified given the standard upon which credibility determinations are reviewed, the remaining positions taken by the ALJ in his decision were not substantially justified.

This Court will agree that the supplemental fee request is somewhat inflated given the content of the reply brief contains legal authorities which Claimant's attorney has utilized in numerous other briefs brought before this Court. Further, the reply brief is largely composed of references to Defendant's brief and a refutation thereafter. This Court finds that the time expended for the preparation of the reply brief itself and research of legal authorities should be reduced by 4.50 hours to 5.30 hours or $996.40.

IT IS THEREFORE ORDERED that Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22) and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #27) are **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $8,210.18. In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 2nd day of May, 2016.

                                            */s/ Kimberly E. West*
                                    _____
                                    KIMBERLY E. WEST
                                    UNITED STATES MAGISTRATE JUDGE